UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VALERIE BROWN,<br><br>                    Plaintiff,<br><br>       v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>                    Defendant. | CASE NO. 2:21-cv-01519-LK<br><br>ORDER GRANTING PLAINTIFF VALERIE BROWN'S MOTION TO AMEND COMPLAINT AND DENYING DEFENDANT BOSTON SCIENTIFIC CORPORATION'S MOTION TO DISMISS AS MOOT |

This matter comes before the Court on Plaintiff Valerie Brown's Motion to Amend Complaint. Dkt. No. 22. Brown seeks leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15 in order to "add factual recitations and to clarify Plaintiff's claims plead under the Washington Products Liability Act." *Id.* at 2. For the reasons stated below, the motion is GRANTED.

Rule 15 permits a party to amend its pleading once "as a matter of course" within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(B). In all other cases, a party may only amend its pleading with leave of the court, or with the opposing party's consent. Fed. R. Civ. P. 15(a)(2). The court "should freely

give leave [to amend] when justice so requires," *id.*, and the Rule should be "'applied with extreme liberality,'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). When deciding whether to grant leave to amend a complaint, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendant Boston Scientific Corporation has not filed a responsive pleading, and it filed its motion to dismiss on January 27, 2022. Dkt. No. 15. Brown sought leave to amend the Complaint on February 17, 2022, 21 days after Boston Scientific served its motion to dismiss. Dkt. No. 22. Brown has not previously sought to amend her Complaint, and is therefore entitled to amend her Complaint "as a matter of course" under Rule 15(a)(1)(B). Boston Scientific does not oppose Brown's request. Dkt. No. 24 at 1.

When an amended complaint is filed while a motion to dismiss is pending, it generally moots the motion to dismiss. *Oliver v. Alcoa, Inc.*, No. C16-0741JLR, 2016 WL 4734310, at *2 n.3 (W.D. Wash. Sept. 12, 2016). "However, when the amended complaint is substantially identical to the original complaint, an amended complaint will not moot the pending motion to dismiss." *Id.* Here, the Court finds that Brown's amendments are substantial enough to moot the pending motion to dismiss. In addition, Boston Scientific has filed a notice of non-opposition to Brown's motion for leave to amend, agreeing that "[i]n the event the Court grants Plaintiff's Motion for Leave, Boston Scientific's Motion to Dismiss will become moot." Dkt. No. 24.

Brown's motion for leave to file her amended complaint is GRANTED. Brown may file a clean version of the Proposed First Amended Complaint attached to her motion, Dkt. No. 22 at 9–49. Boston Scientific's motion to dismiss, Dkt. No. 15, is DENIED as moot.

Dated this 14th day of March, 2022.

                                                                                            *Lauren King*

                                                                                  Lauren King
                                                                                  United States District Judge